# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | |
|---|---|
| UNDERCLIFF COTTAGE, LLC, THE PHELAN 2006 FAMILY TRUST, CHARLES CAWLEY, JULIE CAWLEY, PARKER S. LAITE, SR., and FRIENDS OF CAMDEN, MAINE LLC, <br><br> Plaintiff, <br><br> v. <br><br> F.H.R.E., LLC and THE MCLEAN HOSPITAL CORPORATION, <br><br> Defendant. | Docket No. 2:14-cv-00110-NT |

## ORDER ON DEFENDANTS' MOTION TO DISMISS

Before the Court is the Defendants' motion to dismiss the Plaintiffs' Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) (ECF No. 10). For the reasons stated below, the motion is **GRANTED**.

## BACKGROUND

F.H.R.E., LLC ("**Fox Hill**") and the McLean Hospital Corporation ("**McLean**") (together, the "**Defendants**") seek to create an in-patient treatment facility for persons suffering from drug and alcohol addiction at 235 Bay View Street in Camden, Maine (the "**Bay View Property**"). Compl. ¶ 1 (ECF No. 1). Undercliff Cottage, LLC, Charles Cawley, Julie Cawley, Parker S. Laite, Sr., and the Phelan 2006 Family Trust, all nearby property owners, and Friends of Camden, Maine, LLC, an entity

made up of Camden, Maine property owners and voters (the "**Plaintiffs**"), oppose the facility. Compl. ¶ 3-7. The Plaintiffs demand a judgment:

> a. declaring that the proposed Bay View property facility does not constitute a "Community living arrangement" for persons suffering a "handicap" and "disability" under the governing laws;
>
> b. enjoining Fox Hill and McLean from proceeding with the proposed Bay View Property facility; and
>
> c. granting such other and further relief as this Court deems just and proper.

Compl. ¶ 44. In essence, the Plaintiffs are invoking the federal Fair Housing Act, 42 U.S.C. §§ 3601-3631, and a particular Maine land use law, 30-A M.R.S. § 4357-A, in an attempt to prevent the creation of a facility they believe violates Camden's Zoning Ordinance.

## LEGAL STANDARD

Although brought as a Federal Rule of Civil Procedure 12(b)(6) motion, the Court applies the Rule 12(b)(1) standard to the Complaint. Rule 12(b)(1) permits a party to move to dismiss a complaint on the grounds that the court lacks subject-matter jurisdiction to hear the case. *See Valentin v. Hosp. Bella Vista*, 254 F.3d 358, 362-63 (1st Cir. 2001) (explaining that Rule 12(b)(1) is the "proper vehicle" for challenges to the existence of federal question jurisdiction). One way to determine whether the plaintiff has offered the necessary basis for subject-matter jurisdiction is to "accept[ ] the plaintiff's version of jurisdictionally-significant facts as true and address[ ] their sufficiency." *Id.* at 363. In so doing, "the court must credit the

plaintiff's well-pleaded factual allegations . . . draw all reasonable inferences from them in her favor, and dispose of the challenge accordingly." *Id.*

## DISCUSSION

As pled, the Court initially understood the Plaintiffs' Complaint as requesting a declaration on whether the patients proposed to be treated in the Bay View Facility were "handicapped" as defined by the federal Fair Housing Act, 42 U.S.C. § 3602(h), and therefore "disabled" under 30-A M.R.S. § 4357-A. *See* Compl. ¶ 41(A). The Defendants appear to have shared this understanding of the Complaint, as they initially conceded the existence of embedded federal question jurisdiction pursuant to 28 U.S.C. § 1331, Defs.' Mot. to Dismiss 4 n.3, and went on to address issues of standing and justiciability. Defs.' Mot. to Dismiss 5-8.

In their brief opposing the instant motion, however, the Plaintiffs declared the following: "Plaintiffs have never asserted that the patients proposed to be treated by the Defendants are not 'disabled.' " Pls.' Opp'n to Defs.' Mot. to Dismiss 12 (ECF No. 11). Indeed, a review of the Plaintiffs' Complaint confirms that technically they never alleged that patients at the Bay View Facility will not be "handicapped" or "disabled." The closest the Plaintiffs get to such an allegation is a statement made at ¶41(A) of the Complaint, where they assert that a controversy exists over "whether the proposed Bay View Property facility will admit persons suffering from a 'handicap' as defined in 42 U.S.C. § 3602(h) and thereby be suffering a 'disability' under 30-A M.R.S.A. § 4357-A(1)(A)." With the clarification the Plaintiffs made in their

3

opposition, the Court now understands that this allegation was not an assertion that the proposed patients are not "handicapped" or "disabled."[1]

The Defendants seize on the Plaintiffs' concession and assert as an additional ground for dismissal that the Court now lacks subject matter jurisdiction. Defs.' Reply to Pls.' Opp'n to Defs.' Mot. to Dismiss 1-3 (ECF No. 12). Federal question jurisdiction under 28 U.S.C. § 1331 is "invoked by and large by plaintiffs pleading a cause of action created by federal law." *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005). There is a small category of state law claims over which federal question jurisdiction nonetheless lies where "a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Gunn v. Minton*, 133 S. Ct. 1059, 1065 (2013). An issue is "actually disputed" if the parties take opposing positions on the matter. *Id.* at 1065-66.

Here, the Defendants argue that the patients proposed to be treated at the Bay View Facility qualify as "handicapped" under the Fair Housing Act on account of their substance abuse addictions.[2] Defs.' Mot. to Dismiss 8-10. The Plaintiffs have not alleged that these same patients are *not* "handicapped," as defined by the Fair Housing Act, and have clarified that they are not asserting that the proposed patients

---

[1] Even if the Plaintiffs had initially pleaded that the proposed patients are not disabled, a statement in a party's brief may, in the Court's discretion, be treated as a binding admission of fact. *See Watson v. Lockette*, 379 Fed.Appx. 822, 825 (11th Cir. 2010) (per curiam); *City Nat. Bank v. United States*, 907 F.2d 536, 544 (5th Cir. 1990).

[2] Under federal regulations, drug addiction and alcoholism can be the type of "physical or mental impairment" necessary to establish a "handicap." *See* 24 C.F.R. § 100.201.

are not "disabled." Because the issue of whether the Bay View Property patients will be "handicapped" or "disabled" is not in dispute, there is no embedded federal question. The Court lacks jurisdiction. For that reason, the Plaintiffs' claims must be dismissed.

## CONCLUSION

For the reasons stated above, the Court **GRANTS** F.H.R.E., LLC and the McLean Hospital Corporation's motion to dismiss.

SO ORDERED.

/s/ Nancy Torresen
United States Chief District Judge

Dated this 6th day of February, 2015.

5